**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

LORENZA SCARSI,

      Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPO-
RATED ASSOCIATIONS IDENTIFIED ON
SCHEDULE "A",

      Defendants.

Case No.: 1:26-cv-05508

Judge John J. Tharp, Jr.

Magistrate Judge Daniel P. McLaughlin

**DECLARATION OF YANLING JIANG**

I, Yanling Jiang, declare as follows:

1. I am Yanling Jiang. I am an attorney at JiangIP LLC, one of the attorneys for Plaintiff Lorenza Scarsi in this action. I am admitted to practice law in the States of Illinois and California, and before this Court. I make this Declaration in support of Plaintiff's Supplemental Brief on the applicability of the Hague Service Convention. I have personal knowledge of the matters stated herein, except where stated on information and belief, and if called to testify could and would do so competently. The matters stated below regarding (a) the structure of registered company names under the law of the People's Republic of China ("PRC"), (b) the operation of the PRC State Administration for Market Regulation's entity registry, (c) the Chinese-language platform records of the eleven defendants identified on Amended Schedule A, and (d) the practical operation of Hague Service Convention execution by the local intermediate people's courts in the PRC, rest on the following bases: I was born and raised in the People's Republic of China, where I resided for approximately twenty years before relocating to the United States; I am a native speaker of Mandarin Chi-

nese with full reading and writing proficiency in simplified Chinese characters; I have personally reviewed each of the platform-disclosed records and Chinese-language registry records described in this Declaration; and I have direct professional familiarity with the registration conventions of the PRC entity-registration system and the civil-procedure practices of the local intermediate people's courts described herein.

2. I submit this declaration in support of Plaintiff's Supplemental Brief Regarding Service Method, which addresses whether the Hague Convention applies to service on the eleven defendants identified on the Amended Schedule A [13].

3. At my direction, Plaintiff's counsel and a China-based legal research associate conducted a defendant-specific investigation of each of the eleven defendants to determine, for each, whether the platform-disclosed seller identifier and address are sufficient to support service through the Hague Convention's central-authority mechanism.

4. The per-defendant findings set out in paragraphs 4 through 9 below are based on my personal review of (a) each defendant's platform-disclosed record as it appears in Plaintiff's filings at [13], [15-1], [19-1], and [19-2]; (b) Chinese-language searches of the Tianyancha and Qichacha PRC business-registry portals as to the priority subset of defendants described in paragraph 7 below; (c) Baidu Maps and Amap verifications conducted in simplified Chinese against each platform-disclosed address; and (d) the per-defendant Lukken four-element decomposition Plaintiff prepared. Where my findings rest on PRC registry conventions or local-court execution practice, the basis is my personal knowledge described in paragraph 1 above. For each defendant, the investigation comprised: (a) cataloging the platform-disclosed address as listed on the Amended Schedule A; (b) verifying that address on Baidu Maps (百度地图), Amap (高德地图), and Google Maps; (c) classi-

fying the seller's business-name identifier by failure pattern under PRC corporate-naming law; and (d) assigning a proposed service-method tier.

5. Under the regulations of the PRC State Administration for Market Regulation (国家市场监督管理总局), a registered entity name comprises four components: an administrative-region prefix (行政区划), a distinctive trade-name component (字号), an industry descriptor (行业表述), and an organizational-form suffix (组织形式). A request to the PRC central authority must identify the defendant by its registered Chinese-character legal name.

6. None of the eleven defendants is identified on the platform record by a Chinese-character legal name; each is listed only by a romanized pinyin identifier or an English-translated or English-fabricated name. A true and correct summary of the per-defendant investigation results — including, for each defendant, the platform identifier, the platform-disclosed address, the Baidu Maps / Amap / Google Maps verification result, the naming pathology, and the proposed service tier — is attached as Exhibit A.

7. For five priority defendants (Nos. 2, 4, 5, 7, and 10), the investigation included attempts to reconstruct plausible Chinese-character names and to run those reconstructions, and the platform-disclosed addresses, through the Tianyancha (天眼查) and Qichacha (企查查) PRC business-registry portals. The name-based and address-based searches returned no registered entity matching the platform identifier for Defendants 4, 5, 7, and 10. For Defendant 2, the address-based search surfaced a single registered entity at the platform-disclosed address — 武汉鸿鑫智达商贸有限公司 (Unified Social Credit Code 91420112303381410H) — whose registered 字号 ("鸿鑫智达") does not match the plat-

form identifier "Hongxin Commerce and Trade," and I cannot confirm on this record whether that entity operates the storefront. The full search trace for these five defendants is set out in the diligence report dated June 8, 2026, attached as Exhibit B.

8. For the remaining six defendants (Nos. 1, 3, 6, 8, 9, and 11), the investigation included Baidu Maps and Amap verification of each platform-disclosed address. The results are set out in the map-verification report dated June 10, 2026, attached as Exhibit C, and the corresponding Baidu Maps and Amap screenshots are attached collectively as Exhibit D and are identified within that exhibit by file name.

9. The map-verification record shows, among other things: for Defendants 1, 3, and 9, Baidu Maps and Amap resolve only the village, road, or surrounding area, not a specific building; for Defendant 6, both services resolve a building at No. 68 Guangchang Lane, but the free-trade-zone-prefixed address identifies an administrative paper-formation registration location rather than a verified operating premises connectable to the storefront; for Defendant 8, both services resolve only the Runjing Garden residential complex (润景花园) and

not the platform-listed unit 5-2-103; and for Defendant 11, the platform's English-only address is not parseable as an address on either Baidu Maps or Amap, while a Chinese-character reconstruction prepared as work product (and not appearing on the platform record) does resolve on both services.

10. Plaintiff's decision to not submit any Hague Service Convention Request to the People's Republic of China Ministry of Justice International Legal Cooperation Center (the PRC's designated Central Authority under Article 5 of the Convention) as to any of the eleven defendants identified on Amended Schedule A [13] rests on the following analysis. Practitioner authority on Hague service against PRC defendants establishes two pre-submission

prerequisites for a Request capable of execution: (a) the defendant's registered Chinese-character legal name in the four-element structure described in paragraph 5 above; and (b) a verifiable registered address corresponding to that named entity. *See* Aaron Lukken, *Chinese company names, flawed addresses, and the high likelihood of Hague Service failure*, Hague Law Blog (Mar. 2024); Aaron Lukken, *A Hague-compliant roadmap for service on "Schedule A" defendants*, Hague Law Blog (July 2024). Plaintiff has performed the diligence these sources prescribe: registry reconstruction via Tianyancha and Qichacha on a representative subset of defendants covering all five identified pinyin/English name-failure patterns; Chinese-language verification of the platform-disclosed addresses on Baidu Maps and Amap; per-defendant decomposition against the four required structural elements. That investigation confirms that no defendant produces the prerequisite combination on the platform record. Based on my personal knowledge of PRC registry conventions and local-court execution practice described in paragraph 1 above, submitting a Hague Service Convention Request under these conditions would be facially deficient and would not produce service capable of execution by the local intermediate people's court at the platform-disclosed jurisdiction. Plaintiff has therefore declined to submit, and respectfully identifies the structural defect to this Court in Section IV.A of the contemporaneously filed Supplemental Brief as the basis for Article 1 inapplicability of the Convention.

11. Exhibits A through D are true and correct copies of the documents and records they purport to be, prepared in the course of the investigation I directed and supervised.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 22, 2026.


/Yanling Jiang/
Yanling Jiang
JiangIP LLC
Counsel for Plaintiff Lorenza Scarsi