**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LORENZA SCARSI, <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br><br> Defendants. | Case No.: 26-cv-05508 <br><br> **Judge John J. Tharp, Jr.** <br><br> **Magistrate Judge Daniel P. McLaughlin** |

**ORDER FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY AND SERVICE OF
PROCESS BY E-MAIL AND/OR ELECTRONIC PUBLICATION**

Plaintiff LORENZA SCARSI ("Scarsi" or "Plaintiff") filed an *Ex Parte* Motion for Entry of an Order for Leave to Conduct Expedited Discovery and Service of Process by Email and/or Electronic Publication (the "Motion") against the fully interactive, e-commerce stores operating under the seller aliases identified in Amended Schedule A to the Complaint and attached hereto (collectively, "Defendants") and using at least the online marketplace accounts identified in Amended Schedule A (the "Defendant Internet Stores"). After reviewing the Motion and the accompanying record, this Court GRANTS Scarsi's Motion as follows.

This Court finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Scarsi has provided a basis to conclude that Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing versions of Plaintiff's federally registered copyrights, which are protected by U.S. Copyright Registration Nos. VA 2-467-345 and

1

VA 2-467-338 (the "Lorenza Scarsi Works") to residents of Illinois. This Court also finds that issuing this Order without notice pursuant to Rule 26(d)(1) of the Federal Rules of Civil Procedure is appropriate because Scarsi has presented specific facts in support of the Motion clearly showing that Plaintiff will be otherwise unable to properly serve Defendants without the requested leave. Specifically, an *ex parte* Order for discovery of Defendants' financial accounts and email addresses is necessary so that Defendants can be served with notice to conserve judicial resources and proceed to the merits of this case. Accordingly, this Court orders that:

1. Upon Plaintiff's request, any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants' Defendant Internet Stores, including, without limitation, any online marketplace platforms such as Amazon Payments, Inc. ("Amazon"), and Roadget Business Pte. Ltd. ("SHEIN") (collectively, the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Plaintiff expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

   a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

   b. Defendants' financial accounts, including operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Defendant Internet Stores and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Defendant Internet Stores; and

2

    c.   any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Amazon, SHEIN, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

2.    Defendants, within fourteen (14) calendar days after receiving notice of this Order, shall serve upon Plaintiff a written report under oath providing:

    a.   their identity and location, including contact information, their true name and physical address, and all associated e-mail addresses, of Defendants;

    b.   the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Defendant Internet Stores, and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history; and

    c.   the steps taken by Defendants to comply with paragraph 1, (a)-(c) above.

3.    Plaintiff may provide notice of the proceedings in this case to Defendants, including notice of this order and any hearings, service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website and by sending an e-mail with a link to said website to the e-mail addresses provided for Defendants by third parties. The Clerk of the Court is directed to issue a single original summons in the name of "HanFeiCanYinGuanLi and all

other Defendants identified in the Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

John J. Tharp, Jr.
United States District Judge

Date: July 8, 2026

**Amended Schedule A**

| No. | Defendants |
| --- | --- |
| 1 | HanFeiCanYinGuanLi |
| 2 | Hongxin Commerce and Trade |
| 3 | WangZhiChaows |
| 4 | zaoyangshiyifeifanbianlidian |
| 5 | JiaXuanHeNan |
| 6 | XiongYongQiangrtdg |
| 7 | WeiShuiYuan |
| 8 | Swiss Air Architectural Engineering |
| 9 | GongHuiYongjfk |
| 10 | ASDFdoupengfei |
| 11 | YANGSITONG |