**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

LORENZA SCARSI,

Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

Defendants.

Case No.: 1:26-cv-05508

Judge John J. Tharp, Jr.

Magistrate Judge Daniel P. McLaughlin

**PLAINTIFF'S RESPONSE TO [42]**

Plaintiff respectfully responds to this Court's Order [42] and hereby states as follows:

For each Defendant, Plaintiff has produced records of a consummated purchase – an accepted order bearing an Illinois ship-to address and payment in U.S. dollars that the Defendant received and retained. *See* **Exhibit 1.** Where Plaintiff received shipment updates for these orders, Plaintiff has attached them. Where they do not, the completed sale is nonetheless documented. Plaintiff respectfully submits that *Liu* does not condition personal jurisdiction on proof of delivery. The defect in *Liu* was the absence of any completed transaction: the plaintiff there offered screenshots of a checkout page, which showed "only that it was possible to order the defendants' products and have them shipped to Illinois, not that such sales took place." *Liu v. Monthly*, 170 F.4th 1090, 1093 (7th Cir. 2026). Plaintiff's supplemental submission cures precisely that defect.

The purposeful-direction inquiry is satisfied at the point of sale. *NBA Properties* turned on the defendant's own structuring of its business: by operating a storefront that offered Illinois as a ship-to destination, the defendant "unequivocally asserted a willingness to ship goods to Illinois and established the capacity to do so." *NBA Props., Inc. v. HANWJH*, 46 F.4th 614, 624 (7th Cir.

2022). Courts in this District have applied that principle to defendants who delivered nothing at all. *See Susan Florence Comish v. the Partnerships and Unincorporated Ass'ns Identified on Schedule* Ano. 1:25-cv-07049, ECF No. 56 (N.D. Ill. Jan. 28, 2026) (finding that although three orders to Chicago were cancelled, "[b]y accepting payment for the three Illinois orders, Defendants showed that they were 'ready, willing, and able to ship products to a specific address in' Illinois.") (Alonso, J.); *Mercis, B.V. v. Individuals, Corps., Ltd. Liab. Cos., P'ships & Unincorporated Ass'ns Identified on Schedule A Hereto*, No. 24 C 5853, Doc. 82, at 6 (N.D. Ill. Feb. 19, 2025) (Ellis, J.) ("The fact that the Moving Defendants have not yet shipped the Counterfeit Products does not allow them to avoid jurisdiction when they clearly structured their activities to accept orders from and ship to Illinois."); *Manchester United Football Club Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 24 CV 5692, Doc. 98, at 10 (N.D. Ill. Dec. 23, 2024) (Shah, J.) (*prima facie* showing made where each defendant "accepted and confirmed sales for Illinois residents – whether shipped and received or later canceled"); *Pit Viper, LLC v. Xi'an Jiaye Tengda Trading Co.*, No. 23 C 14761, Doc. 100, at 9 (N.D. Ill. Dec. 9, 2024) (Ellis, J.) (the court "cannot allow" a defendant to escape jurisdiction by cancelling an Illinois test order); *see also Am. Girl, LLC v. Zembrka*, 118 F.4th 271, 277–78 (2d Cir. 2024) (transaction itself sufficient; shipment not required, and a seller's later refusal to perform does not negate jurisdiction).

That reasoning controls here. Each Defendant elected to sell into Illinois, accepted an Illinois order, and took Plaintiff's money. However, the only element absent is proof of their own performance, or that of a third-party. For some Defendants, Plaintiff received a notification from the platform that the products shipped, but these notifications did not contain tracking numbers or carrier information, without which Plaintiff cannot verify that the infringing product was actually delivered. Despite this, the Defendants have not refunded the purchase price. A seller that

structures its business to reach the Illinois market and then pockets an Illinois customer's payment cannot convert its own non-performance that reduces its costs and enlarges its margin into immunity from the forum it chose to serve. Plaintiff therefore respectfully requests that the Court find a *prima facie* showing of personal jurisdiction as to each Defendant.

DATED: September 14, 2026

Respectfully submitted,

*/s/ Keith A. Vogt*

Keith A. Vogt
FL Bar No. 1036084/IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
E-mail: keith@vogtip.com

***ATTORNEY FOR PLAINTIFF***